**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

JUAN RODRIGUEZ,

      Plaintiff,

      v.                                      14-CV-671-RJA-MJR
                                                 **DECISION AND ORDER**
C.O. REPPERT, C.O. OSBOURNE, and
C.O. TESTANI,

      Defendants.
_____

      Magistrate Judge Roemer, to whom the Court referred this case for all pre-trial proceedings, filed a Report and Recommendation (Docket No. 19) recommending that the Court deny the Defendants' motion for summary judgment. *See* Docket No. 10. The Defendants have filed objections to that recommendation. Docket No. 20. Pursuant to 28 U.S.C. § 636(b)(1), the Court must review the Report and Recommendation *de novo*. Upon *de novo* review, and for the reasons stated below, the Court overrules the Defendants' objections and adopts the Report and Recommendation in its entirety.

**BACKGROUND**

      The Defendants argue that they are entitled to summary judgment because, they claim, the Plaintiff failed to exhaust his administrative remedies before bringing this case. It is undisputed that the New York State Department of Corrections and Community Supervision's (DOCCS) Central Office Review Committee (CORC)—the final level of review in DOCCS' internal grievance program—did not decide the Plaintiff's appeals of his administrative grievances within the thirty-day period required by

1

DOCCS' regulations.  See 7 N.Y.C.R.R. § 701.5(d)(2)(ii).  It is also undisputed that the Plaintiff filed his complaint in this case *before* the CORC decided his appeals.  The CORC ultimately decided the Plaintiff's appeals two weeks after the Plaintiff filed his complaint in this case, but nearly two *months* after DOCCS' own regulations required the CORC to do so.

Relying primarily on the Supreme Court's decision in *Ross v. Blake*, 136 S. Ct. 1850 (2016), as well as the Second Circuit's decision in *Williams v. Priatno*, 829 F.3d 118, Judge Roemer concluded that the CORC's failure to timely decide the Plaintiff's appeals, combined with the absence of any "mechanism to request the CORC to issue a decision after thirty days have elapsed," Docket No. 19 at 7, meant that the Plaintiff's administrative remedies were not "available" within the meaning of the Prison Litigation Reform Act (PLRA).  See 42 U.S.C. § 1997e(a).  Thus, Judge Roemer concluded, the Plaintiff did exhaust his administrative remedies.

## DISCUSSION

The PLRA's exhaustion "edict contains one significant qualifier: the [administrative] remedies" a prisoner is required to exhaust "must . . . be 'available' to the prisoner."  *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016).  The Supreme Court has identified several scenarios in which an administrative remedy might be "[un]available" within the meaning of the PLRA.  See *id.* at 1859-60.  Judge Roemer concluded that one of those scenarios applies in this case: the Plaintiff here encountered "an administrative scheme" that is "so opaque that it becomes, practically speaking, incapable of use."  *Ross*, 136 S. Ct. at 1859.

The Second Circuit recently explained that this "opaqueness" exception to the PLRA's exhaustion requirement applies when "[t]he regulations simply do not contemplate the situation in which [the prisoner] found himself, making it practically impossible for him to ascertain whether and how he could pursue his grievance." *Williams v. Priatno*, 829 F.3d 118, 124 (2d Cir. 2016). That is the case here: As Judge Roemer noted, "after the CORC neglected to decide Rodriguez's appeals within thirty days, administrative remedies were no longer available to him, and his only option was to file this action." Docket No. 19 at 7. In other words, there was simply nothing the Plaintiff could do to force the CORC to follow its own deadline for deciding the Plaintiff's appeals.

The Defendants now argue that the Plaintiff "could have contacted the IGP Supervisor in writing if he did not receive a written notice of receipt from CORC within 45 days of his appeal." Docket No. 27 at 2. Specifically, the Defendants point to DOCCS Directive 4040(d)(3)(i) (codified at 7 N.Y.C.R.R. §701.5(d)(2)(i)), which provides that, "[i]f a grievant does not receive a copy of the written notice of receipt within 45 days of filing an appeal, the grievant should contact the IGP supervisor in writing to confirm that the appeal was filed and transmitted to the CORC." *Id.* (citations omitted).

This argument, however, was made for the first time in the Defendants' reply brief before this Court; the Defendants did not raise the argument before Judge Roemer, nor did they raise it in their objections.[1] The Defendants have therefore

---

[1] The Defendants state that they made this argument for the first time in their reply brief because "[i]n response to defendants' objections to the R&R, plaintiff—for the first time—argues that the grievance process was 'opaque' and 'incapable of use.'" Docket No. 27 at 2. The Defendants overlook that *Judge Roemer* concluded that the grievance process was opaque and incapable of use. Thus, the Defendants

3

waived the argument that § 701.5(d)(2)(i) provides a mechanism by which the Plaintiff could have prompted the CORC to decide his appeals. "The Court does not and will not make a practice of addressing the merits of issues first raised in a reply, as the opposing party is not afforded any opportunity to respond to new issues raised in a reply, which is ordinarily the last document submitted prior to the Court's ruling on a motion. Such sapience appears all the more prudent" where, as here, "the opposing party is proceeding *pro se.*" *Peca v. Delta Air Lines, Inc.*, No. 97-CV-0882E(M), 2000 WL 914112, at *2 (W.D.N.Y. July 7, 2000) (citations and quotation marks omitted). The Court will therefore not consider the Defendants' argument that § 701.5(d)(2)(i) makes Plaintiff's administrative remedies "available" within the meaning of the PLRA.

The Defendants also identify several other reasons why they believe Judge Roemer's Report and Recommendation was incorrect. The Court addresses each argument each in turn.

First, the Defendants argue that the Plaintiff's conduct in a case in the New York Court of Claims shows that he "could not . . . argue that the grievance process was unavailable to him, unknowable, incapable of use, inaccessible, or practically impossible to navigate." Docket No. 20 at 5. But this argument misinterprets the PLRA's opaqueness exception as interpreted by the Second Circuit in *Williams*: the question, according to the Second Circuit, is whether "[t]he regulations . . . contemplate the situation in which [the prisoner] f[inds] himself." *Williams*, 829 F.3d at 124. This is an objective question: the regulations either provide an inmate with a procedural route to obtain administrative relief, or they do not. To be sure, an inmate's subjective

---

could—and should—have made this argument in their objections to Judge Roemer's Report and Recommendation.

understanding of the grievance procedure is one aspect of the opaqueness question; a procedural scheme that *does* provide a route to administrative relief is little better than *no* route if the administrative path the prisoner must follow is "so confusing that no reasonable prisoner can use them." *Ross*, 136 S. Ct. at 1869 (quotations and ellipsis omitted). *See also Williams*, 829 F.3d at 126 ("[T]he purported options for relief provided by defendants, to the extent they are even available to an inmate in [the plaintiff's] situation, only increase confusion regarding the avenues available to pursue an appeal.") Nothing in *Williams*, however, suggests that the opaqueness exception is categorically unavailable simply because, as here, the prisoner was familiar with his prison's grievance process.

Second, the Defendants point to the Supreme Court's statement in *Ross* that, "[w]hen an administrative process is susceptible of multiple reasonable interpretations, Congress has determined that the inmate should err on the side of exhaustion." *Ross*, 139 S. Ct. at 1859. Again, however, after *Williams*, the question in this case is whether an administrative option was even available to the Plaintiff in the first place—not whether the Plaintiff misunderstood a DOCCS regulation.

Third, the Defendants argue that Judge Roemer "chose . . . to apply the minority []view" on the question whether an untimely administrative decision renders the administrative process unavailable. But as Judge Roemer noted, the Defendants do not identify "any cases from the Second Circuit or the Western District of New York" supporting their position. Docket No. 19 at 8. To the contrary, the most recent Second Circuit case on point—*Williams*—states that administrative remedies are opaque—and,

therefore, unavailable—when those remedies do not address the situation in which a prisoner finds himself. That is the case here.

Fourth, the Defendants rely heavily on the Supreme Court's statement in *Ross* that the unavailability of administrative remedies "will not often arise." But in context, the Supreme Court's statement says something less forceful than the Defendants suggest: *Ross* states that, "[g]iven prisons' own incentives to maintain functioning remedial processes, we expect that these circumstances will not often arise." *Ross*, 136 S. Ct. at 1859. This suggests that remedies will typically not be unavailable under the PLRA because prisons have an obvious interest in resolving administrative grievances internally. This interest is best served by maintaining a grievance scheme that actually provides a route to administrative relief. *Ross*, in other words, assumes that administrative remedies will "not often" be unavailable because *Ross* also assumes that prisons will maintain remedial processes that provide prisoners with a path for obtaining administrative relief.

Finally, the Defendants argue that, "if Magistrate Judge Roemer's decision is adopted, inmates can file suit anytime the IGP, a Superintendent, or the CORC is late in rendering a decision. In fact, if adopted, inmates could wait until one day after the time periods stated in the NYCRR and file suit." Docket No. 20 at 15. This overstates Judge Roemer's conclusion. Nothing in Judge Roemer's Report and Recommendation suggests that a failure to timely decide an inmate grievance at a *lower level* of the grievance review process would permit a prisoner to immediately file a federal lawsuit. This is because DOCCS' regulations expressly contemplate such a situation: they provide that, absent an extension of time, "matters not decided within the time limits

may be appealed to the next step." 7 N.Y.C.R.R. § 701.6(g)(2). In other words, a failure to render a timely decision at a lower level in the grievance process gives a prisoner the option of appealing that inaction to the next level. A prisoner who does not avail himself of that option will almost certainly find his lawsuit dismissed for failure to exhaust. *See, e.g.*, *Morrison v. Stroman*, 12-CV-542(A)(M), 2014 WL 6685510, at *4 (W.D.N.Y. Nov. 26, 2014). But the CORC's failure to timely decide an appeal is fundamentally different than, for instance, a superintendent's failure to timely decide an appeal, because the CORC is the final step in DOCCS' internal grievance program. A prisoner whose CORC appeal was not timely decided has no other administrative body to which he can appeal. Thus, the "regulations simply do not contemplate" what the prisoner should do to ensure his appeal is timely decided, "making it practically impossible for him to ascertain whether and how he could pursue his grievance." *Williams*, 829 F.3d at 124.[2]

Thus, upon *de novo* review, the Court overrules the Defendants' objections to Judge Roemer's Report and Recommendation.

Lastly, the Plaintiff objects to Judge Roemer's decision to "stay defendants' time to answer the complaint until the District Judge renders a decision" on the Defendants' motion for summary judgment. Docket No. 19 at 9. This non-dispositive order is neither

---

[2] Because the Defendants have waived the argument, the Court does not address whether § 701.5(d)(2)(i) provides a mechanism for a prisoner to continue pursuing his grievance, thereby making his administrative remedies "available" under the PLRA. The Court notes, however, that this provision does not appear to address the situation in which the Plaintiff found himself. The Plaintiff does not suggest that he failed to exhaust because he was unsure whether the CORC received his appeal. Rather, he failed to exhaust because the CORC did not timely decide the Plaintiffs' appeals. Nothing in the record suggests that the CORC failed to comply with the receipt-and-notice provisions of § 701.5(d)(2)(i).

clearly erroneous nor contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A).  The Court therefore overrules the Plaintiff's objections.

## CONCLUSION

For the reasons stated above, the Court overrules both the Plaintiff's and the Defendants' objections to Judge Roemer's Report and Recommendation.  As directed by Judge Roemer, the Defendants shall answer the complaint within 21 days of this Decision and Order.  This case is remanded to Judge Roemer for further proceedings.

**SO ORDERED.**

Dated: November 30, 2016                               *s/Richard J. Arcara*
      Buffalo, New York                              HONORABLE RICHARD J. ARCARA
                                                            UNITED STATES DISTRICT JUDGE