UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUAN RODRIGUEZ, DIN #11-A-0174,

          Plaintiff,

    v.

C.O. OSBOURNE, C.O. TESTANY, C.O. REPPERT,
in their individual capacities,

          Defendants.
_____

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Civil Action No.:
14-cv-00671

Plaintiff, Juan Rodriguez ("Rodriguez"), by his attorneys, Phillips Lytle LLP, for his first amended complaint against defendants C.O. Osbourne, C.O. Testany, C.O. Reppert (collectively, "Defendants"), alleges, upon information and belief, as follows:

## **PARTIES**

1. Rodriguez is a citizen of the State of New York, and currently in the custody of the New York Department of Corrections and Community Supervision ("DOCCS"). Rodriguez is incarcerated at Clinton Correctional Facility in Dannemora, New York.

2. Defendants are, or were, correctional officers employed by DOCCS while Rodriguez was incarcerated at Southport Correctional Facility in Pine City, New York.

3. At all times relevant herein, Defendants were acting under the color of state law, but acting in their individual capacities.

## JURISDICTION AND VENUE

3. This action, initially filed *pro-se,* is brought pursuant to 42 U.S.C. § 1983, and seeks damages against Defendants, who acting both individually and in concert, committed acts under color of the law of the State of New York which deprived plaintiff of rights secured by the Constitution and laws of the United States.

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, authorizing jurisdiction of claims brought under 42 U.S.C. § 1983 to enforce rights guaranteed by the Constitution of the United States.

5. By Order of this Court, dated November 30, 2016 (Dkt. No.29), Rodriguez exhausted his administrative remedies in compliance with the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and this Court has jurisdiction to adjudicate this action.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because all actions alleged herein occurred in this judicial district.

## STATEMENT OF THE FACTS

7. Since 2011, Rodriguez has been in the custody of DOCCS, where he is serving a 19-year sentence.

8. By the Uniform Sentencing & Commitment Order of the Supreme Court, Bronx County, dated 02/01/2011, the Court ordered Rodriguez to be housed in protective custody.

9. In late April, 2014, Rodriguez was incarcerated at Southport Correctional Facility in Pine City, New York ("Southport"), and assigned to a cell on B-Block.

10. On or about April 25, 2014, Rodriguez's housing assignment at Southport was transferred from B-Block to A-Block.

11. Upon information and belief, neither B-Block nor A-Block are designated as "protective custody" at Southport.

12. While on route to A-Block, Rodriguez was escorted by Correctional Officer Osbourne ("Osbourne"). In a secluded stairway in B-Block, Osbourne assaulted Rodriguez, punching Rodriguez in the head and face before proceeding to A-Block.

13. When Osbourne and Rodriguez arrived at his assigned cell in A-Block, Osbourne threatened, "If I see you back in B-Block, I'll kill your s**c ass and say you told me you were going to kill yourself."

14. After this threat, Osbourne again struck Rodriguez in the face and kicked him into his cell, causing Rodriguez, still handcuffed and unable to break his fall, to collide with the bed before tumbling to the floor.

15. While on the floor, Osbourne repeatedly kicked Rodriguez in his mid-section and ignored Rodriguez's requests for medical attention.

16. Osbourne then removed Rodriguez's handcuffs and locked him in his new cell. At that point, Osbourne told the inmates housed on each side of Rodriguez's cell, "Congratulations, you now have a child molester next to you."

17. Before leaving, Osbourne shouted into Rodriguez's cell, "Don't come back to B-Block, or you'll be sucking d**k until you leave."

18. Despite Rodriguez's physical injuries and repeated requests for medical attention, he was denied medical attention by Osbourne.

19. Then, on or about April 26, 2014, after taking a shower, Rodriguez was being escorted back to his cell by defendant Correctional Officers Reppert ("Reppert") and Testany ("Testany").

20. Notwithstanding that he was handcuffed during this escort, Reppert and Testany began punching Rodriguez in the face and kicking him in the mid-section before dragging him into his cell.

21. Once back at his cell, Reppert and Testany spit on Rodriguez while proclaiming, "Die you fucking s**c baby killer."

22. Shortly thereafter, Defendants announced on the public address system, "Attention 12 Company, the s**c who just moved into 12-T killed a newborn baby."

23. Upon information and belief, Defendants announced this to encourage the inmates housed on A-Block to assault Rodriguez.

24. Inmates convicted or accused of crimes against children are often targets for assault by other inmates and correctional officers.

25. Defendants acted intentionally to create an inhumane environment; by Defendants' announcement of Rodriguez's charges, Defendants created a condition that posed an excessive risk to Rodriguez's safety.

26. Further, Defendants refused to feed Rodriguez on April 27, 2014 through April 28, 2014 before being moved to D-Block at Southport, which had security camera surveillance.

27. As a result of these Defendants' deliberate actions, Rodriguez suffered three broken ribs, vision problems, and pain to his back and head.

28. Rodriguez continues to be damaged by the injuries sustained as a result of Defendants' actions, including, *inter alia*, trouble sleeping and memory loss.

## FIRST CLAIM
**(Violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983)**

29. Rodriguez repeats and realleges all preceding paragraphs as if fully stated herein.

30. The Eighth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment, protects Rodriguez against "cruel and unusual punishment" at the hands of DOCCS and its employees.

31. By the repeated assaults against him and subsequent denial of food and medical treatment Rodriguez was deprived of his right against cruel and unusual punishment that is guaranteed by the Eighth Amendment.

32. Defendants are natural persons.

33. At all times relevant herein, Defendants, as New York State Correctional Officers, were acting under the color of state authority.

34. The injuries sustained by Rodriguez resulting from these repeated assaults were caused by Defendants' actions taken under the color of state law.

35. Therefore, by Defendants' actions, Rodriguez was deprived of a constitutional right.

36. Accordingly, Rodriguez demands judgment against Defendants in an amount to be determined at trial, as well as statutory interest through the date of judgment, costs, and attorney's fees.

**SECOND CLAIM**
**(Violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983)**

37. Rodriguez repeats and realleges all preceding paragraphs as if fully stated herein.

38. Defendants, as DOCCS employees, had a duty to employ reasonable measures toward the safety of Rodriguez, and not to create an inhumane condition of confinement.

39. By his housing assignment to cells on A-Block and B-Block, Rodriguez was not placed in designated protective custody, as had been ordered by the sentencing court.

40. The Defendants, as correctional officers knew that inmates convicted of crimes against children are often targets for sexual and physical assaults by other inmates and/or correctional officers.

41. By their announcement that Rodriguez had killed and molested a child to those inmates in Rodriguez's neighboring cells, and again to A-Block in its entirety, Defendants further incited violence and created serious risks to Rodriguez's safety, which is protected by the Eighth Amendment.

42. As there was no legitimate reason for such an announcement to the general population or anyone, Defendants clearly understood and intended the risks to

Rodriguez's safety, thereby intentionally depriving Rodriguez of his Eighth Amendment rights.

43. Defendants' conduct was intentional, and with an intentional disregard to Rodriguez's rights at Southport.

44. As a result of Defendants' intentional actions, Rodriguez suffered physical and mental injuries, the effects of which continue today.

45. Accordingly, Rodriguez demands a judgment against Defendants in an amount to be determined at trial, as well as statutory interest through the date of judgment, costs, and attorneys' fees.

## **JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), plaintiff Rodriguez demands a trial by jury of all issues triable of right by jury.

**WHEREFORE**, plaintiff Rodriguez demands judgment against Defendants as follows:

(a) awarding Rodriguez damages in an amount to be determined at trial, as well as statutory interest through the date of judgment, costs, and attorney's fees; and

(b) granting such other relief as is just and proper.

Dated:  Buffalo, New York
       July 26, 2017

PHILLIPS LYTLE LLP

By: \_\_\_\_/s/ Patrick M. Hanley, Jr.\_\_\_\_
     Deena K. Mueller
     Patrick M. Hanley, Jr.
Attorneys for Plaintiff
*Juan Rodriguez*
One Canalside
125 Main Street
Buffalo, New York  14203-2887
Telephone No. (716) 847-8400
dmueller@phillipslytle.com
phanleyjr@phillipslytle.com

Doc #01-3051684.3

- 8 -